UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KYLE AND TARAN HELM, et al.,

      Plaintiffs,

v.                             Case No.:  3:21-cv-900-TJC-JRK

DUVAL COUNTY SCHOOL BOARD,

      Defendant.

_____/

**DEFENDANT DUVAL COUNTY SCHOOL BOARD'S
RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND**

Defendant, Duval County School Board ("DCSB" or "the Board"), submits this Response in Opposition to Plaintiffs' Motion to Remand (Doc. 32)[1]. This Court has the authority to retain jurisdiction over the remaining state law claims, and therefore, Plaintiffs' Motion to Remand should be denied.

**MEMORANDUM OF LAW**

A district court *may*, but is not required to, remand a claim where all federal claims have been dismissed and only state law claims remain.  28 U.S.C. § 1367(c)(3).  If a court had subject matter jurisdiction over a case at the time of removal, plaintiff's subsequent amendment eliminating federal claims does not

---

[1] Plaintiffs' Motion fails to comply with Local Rules 3.01(a) ("A motion must include…a legal memorandum supporting the request") and 3.01(g) (Duty to Confer in Good Faith).

divest the court of its subject matter jurisdiction over the remaining state law claims. *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002); *Farrell v. G.M.A.C.*, 2008 WL 1766909, *3 (M.D. Fla., April 15, 2008). "[W]hen a case is removed to federal court and the federal question is eliminated by a subsequent pleading, a district court retains discretion to exercise jurisdiction over a plaintiff's remaining state law claims." *Farrell*, at *3.

It is clear that the complaint in this action conferred federal question jurisdiction on this Court. The complaint is replete with invocations of the federal constitution: "The Plaintiffs' [sic] have clear legal rights vested in the U.S. Constitution…" ¶ 243; paragraph 249 relies on a U.S. Supreme Court case discussing the federal Equal Protection Clause; Count V seeks relief pursuant to the U.S. Constitution (p. 49); paragraph 270 invokes the Due Process Clause of the Fourteenth Amendment; and paragraphs 281 and 282 of Count VIII rely on U.S. Supreme Court cases discussing the federal due process clause. In addition, Plaintiffs' Motion for Preliminary Injunction relies on the U.S. Constitution and 42 U.S.C. § 1983. (Doc. 14, p. 17-19). Furthermore, Plaintiffs' Response to the Motion to Dismiss confirms they are bringing claims under both the U.S. and Florida constitutions. ("Doc. 24, p. 9-10 "The majority of Plaintiffs' claims are brought under the U.S. and Florida Constitutions….").

Although it is true that plaintiffs did not mention Title 42 Section 1983 in their complaint, it is abundantly clear that Plaintiffs intended to bring both federal and state law claims.  Leaving aside for the moment the numerous direct references to the United States Constitution, if Plaintiffs had not intended to plead federal claims for relief and intended to proceed only on state law claims, they could have filed a motion for remand making that point the very next day after removal.  Instead, they proceeded on both federal and state claims in their motion for preliminary injunction and never abandoned their federal claims until they filed their amended complaint—well after the date of the cancelled hearing on the preliminary injunction.  If Plaintiffs never intended to bring federal claims, they could have stated so at the October 14, 2021 status conference; however, they did not.  The Board also pointed out that Plaintiffs' federal claims were, in the opinion of the Board, subject to dismissal for failure to state a claim upon which relief can be granted.  Plaintiffs' inartful pleading does not deprive this Court of jurisdiction.  *See, for example, Gibson v. Firestone*, 741 So. 2d 1268, 1271 (11th Cir. 1984) ("Here, appellants have alleged a deprivation of their first amendment right to vote as well as their fourteenth amendment rights to due process and equal protection…These allegations, whether sufficient to state a claim for relief, are adequate to invoke federal subject matter jurisdiction.")

Once the court has federal question jurisdiction, a plaintiff's voluntary amendment to eliminate the federal claims upon which removal was based will not defeat federal jurisdiction. *Olmstead v. Beverly Enter.-Florida, Inc.*, 1997 WL 155410 *3 (M.D. Fla., March 17, 1997) *citing Boelens v. Redman Homes, Inc.*, 759 F.2d 504 (5th Cir. 1985). A plaintiff should select a forum carefully and sacrifice federal claims if the state forum is a priority to the plaintiff. *Id.* "The jockeying of a case from state court, to federal court, and then back to state court is a 'drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff…cannot be condoned.'" *Id. citing Boelens*, at 507. Such manipulation is what Plaintiffs are trying to accomplish here.

The federal statute governing supplemental jurisdiction authorizes the district court to decline to exercise supplemental jurisdiction when the *court* has *dismissed* all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). When a subsequent pleading eliminates all federal claims, as opposed to the court *dismissing* those claims, it is not necessarily clear that the court should decline to exercise supplemental jurisdiction. Section 1367 contemplates a court-initiated dismissal, not a party's voluntary amendment, as a basis to decline jurisdiction. In this particular matter, the Board requests that the Court not do so.

4

"District courts 'enjoy wide latitude' in determining whether to retain jurisdiction over state claims when all federal claims have been dropped." *Farrell*, at \*3, *citing Lieu v. Sandy Sansing Cars, Inc.*, 2007 WL 4287642, at \*2 (N.D. Fla., Dec. 5, 2007).   Some factors the court can consider when determining whether to remand to state court include "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997). Courts can also consider "the values of judicial economy, convenience, fairness, and comity." *Id.*

It would be in the interest of fairness and judicial economy of this particular case for the Court to retain jurisdiction.  While this case is in its early stages, the parties have already conducted extensive fact-finding and briefing of the legal issues.  The parties have filed hundreds of pages of testimony and evidence in preparation for the preliminary injunction hearing. While the parties have not conducted formal discovery, the compressed time frame to prepare for the preliminary injunction hearing required the parties to prepare the majority of their cases in the very early stages of litigation.  In addition, the issues raised by the motion for preliminary injunction present a time-sensitive issue.  It would be more expedient for the Court to retain jurisdiction so as to resolve the motion for preliminary injunction (or an

amended or renewed motion) rather than delaying a resolution of the motion by remanding to state court. Moreover, the Board has invoked a federal statute as part of its defense; *i.e.*, the Board risks violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, if Plaintiffs receive the relief they are seeking. *See S.B., by and through M.B., et al. v. Lee*, 2021 WL 4346232 *28 (E.D. Tenn. 2021) (enjoining state from enforcing a parental opt-out of a mask mandate that would violate students' rights under the ADA); *see also Arc of Iowa v. Reynolds*, 2021 WL 4166728 *12 (S.D. Iowa, September 13, 2021) (enjoining enforcement of Iowa's mask mandate ban because the mandate ban was causing irreparable harm to disabled students); *Disability Rights South Carolina v. McMaster*, 2021 WL 4444841 (D.S.C. 2021) (enjoining state's ban on mask mandates as denying disabled students meaningful access to the education). This Court is the better forum to resolve the applicability and potential violations of the ADA, not state court. Therefore, the factors set forth in *City of Chicago* all militate in favor of this Court retaining jurisdiction. And it would not only be permissible but entirely appropriate for this Court to retain jurisdiction over the remaining claims.

Wherefore, the Board respectfully requests the Court deny the Motion to Remand and retain jurisdiction of this matter.

**Dated: October 29, 2021**

OFFICE OF GENERAL COUNSEL

*/s/ Laura J. Boeckman*
Laura J. Boeckman
Assistant General Counsel
Florida Bar No.: 527750
Craig D. Feiser
Assistant General Counsel
Florida Bar No.: 164593
Kelly H. Papa
Assistant General Counsel
Florida Bar No.: 178004
James E. Millard
Assistant General Counsel
Florida Bar No.: 47358
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone:  (904) 255-5100
Facsimile:  (904) 255-5199
lboeckman@coj.net
cfeiser@coj.net
kpapa@coj.net
jemillard@coj.net
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of October, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and by doing so, served a copy on the following:

Nicholas P. Whitney                Gregory Anderson
10751 Deerwood Park Blvd.          10751 Deerwood Park Blvd.

8

Ste. 105
Jacksonville, FL 32256
nwhitney@asglaw.com

St. 105
Jacksonville, FL  32256
gaanderson@asglaw.com

*/s/ Laura J. Boeckman*
Laura J. Boeckman