UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3-21-cv-00900-MMH-JRK

**KYLE and TARAN HELM**, individually and as next friends for **JANE DOE 1, JANE DOE 2** and **JANE DOE 3**, et al.,

                        Plaintiffs,

v.

**DUVAL COUNTY SCHOOL BOARD**,

                        Defendant.
_____/

## PLAINTIFFS' RESPONSE TO ORDER DATED NOVEMBER 30, 2021 AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the Court's Order dated November 30, 2021, Plaintiffs Submit and Notify the Court of the Current Status of this and related litigation:

1. The Plaintiffs have conferred with counsel for Defendant and are working amicably towards either the settlement of the case or a definitive position on forum and claims.

2. However, recent events require the Plaintiffs to request the forbearance and patience of this Honorable Court in extending the time for Notice of Intent to Proceed or Dismissal. The Plaintiffs suggest the entry of a Stay Order for no more than ninety (90) days to allow the Plaintiffs to sort out the position of

the Defendant and either resolve the matter in the State proceedings or litigate the matter, most likely before this Court. This request is made in the utmost good faith; and after conferring with opposing counsel; and only in light of new circumstances discovered within the past four-to-five days.

3. Plaintiffs, and if they may speak for them, the Defendant appreciate the diligence "above and beyond" that the Court has displayed by taking Judicial Notice of the reports in the press and perhaps the Writ of Mandamus entered by the Fourth Judicial Circuit in Duval County, Florida. But the media, as is its wont, has failed to report everything of significance that this Court may find pertinent.

4. Particularly, the Court has likely not been advised of the School Board's continued defiance of Judge Foster's November-issued Writ of Mandamus. The prima facie case of the School Board's defiance is evidenced by its adoption of subsequent Administrative Procedures: Control of Communicable Diseases During Epidemics & Pandemics, adopted December 7, 2021, allowing (yet again) the Superintendent's unbridled discretion. *See*, **Exhibit 1**, December 7, 2021, Agenda and Administrative Procedures adopted. This is more than a bit of an afront to a distinguished jurist as Judge Foster could not have made himself more clear in his Order Granting Emergency Petition for Writ of Mandamus. *See* **Exhibit 2** hereto.

5.      Plaintiffs promptly demanded the repeal of the offending policy that lies at the heart of this suit. *See*, **Exhibit 3**, Undersigned Counsel's Correspondence dated November 15, 2021. In response, the Plaintiff parents received instead, the Pandemic and Epidemic Policy attached as **Exhibit 1** *supra.* Notably, the aforementioned Pandemic and Epidemic Policy does not allow parents to opt out of *any* mitigation measures at their sole discretion, and Plaintiffs believe that the School Board's continued defiance and the ever-shifting landscape justifies amendment of the current pleading before this Court.

6.      Plaintiffs request that this Court temporarily retain jurisdiction as the parties negotiate towards resolution, or in the alternative, to allow the Plaintiffs adequate time to amend the operative Complaint.

7.      The goal here is not to duplicate judicial effort by either of these Courts involved, the Honorable Robert M. Foster and the Honorable Timothy Corrigan, both of whom the undersigned has had the privilege of practicing before, and long, long ago, litigating with. Rather, the goal is to maximize the opportunity for the undersigned's clients, the Parents and children affected by the forced masking policy of the School Board, and allow recovery of some small measure of damages as warranted. In doing so, counsel hopes to facilitate the recovery by these parents, virtually none of whom are financially equipped to

handle the enormous costs of litigating their rights, of the costs of litigating these issues.

## INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 3.01 of the Local Rules of the Middle District of Florida, Plaintiffs submit the following brief Memorandum of Law in Support of this Response:

This Court has almost unlimited discretion in deciding whether a matter has been mooted that once had jurisdiction. *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 498 (1969)). *See also*, e.g., *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (same); *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *Decker v. Nw. Envtl. Def. Ct*r., 568 U.S. 597, 609 (2013) (It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed.) (quoting, *Juvenile Male*, 564 U.S. at 936*); Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990) (To sustain our jurisdiction . . . it is not enough that a dispute was very much alive when suit was filed … .) *Burke v. Barnes*, 479 U.S. 361, 363 (1987) (Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment we are reviewing.) *Knox v. Serv. Emps. Int'l Union*, Local

1000, 567 U.S. 298, 307 (2012) (quoting City of Erie, 529 U.S. at 287) (internal quotation marks omitted). *See also*, e.g., *Mission Prod. Holdings, Inc. v. Tempnology*, LLC, 139 S. Ct. 1652, 1660 (2019) *City of Erie*, 529 U.S. at 287 (holding that a case becomes moot when the challenged conduct ceases such that 'there is no reasonable expectation that the wrong will be repeated') (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). In this case, the issue of damages remains extant throughout. Should mediation fail and need of continued litigation remain, that will be, this Court's indulgence allowing, be in the United States District Court for the Middle District of Florida. Section 1983 remains the exclusive means, at least in this state to recover fees for the assertion of a Floridian's Civil Rights.

In summary, the case is not moot, and though recognizing the imposition on this Court's docket, Plaintiffs respectfully request that the Court retain jurisdiction for a period of ninety days such that the ability to recover damages, fees and costs all recoverable under 42 U.S.C. 1983 remain extant. The case remains live as Plaintiffs' rights continue to be infringed.

**DATED** this 10th day of December , 2021.

                                           **ANDERSONGLENN LLP**

                                         */s/ Nicholas P. Whitney*
                                         **Gregory A. Anderson, Esquire**
                                         Florida Bar Number: 398853
                                         gaanderson@asglaw.com
                                         **Nicholas P. Whitney, Esquire**
                                         Florida Bar Number: 119450

        nwhitney@asglaw.com
        10751 Deerwood Park Boulevard, #105
        Jacksonville, Florida 32256
        Telephone: (904) 273-4734
        Facsimile:  (904) 273-4712
        *Attorneys for Plaintiff*

        */s/ Cord Byrd*
        **Cord Byrd, Esquire**
        Florida Bar No. 134406
        cord@cordbyrdlaw.com
        esther@cordbyrdlaw.com
        1015 Atlantic Boulevard, #281
        Atlantic Beach, FL 32233
        Telephone:  (904) 246-2404
        *Co-Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of December, 2021, I electronically served Plaintiffs' Response to Order Dated November 30, 2021, to all counsel and parties of record which appear below:

**Counsel for Defendant**
Laura J. Boeckman, Esquire
Craig D. Feiser, Esquire
Kelly H. Papa, Esquire
James E. Millard, Esquire
Office of General Counsel
117 West Duval Street, Suite 480
Jacksonville, FL  32202
(904) 255-5069 - phone
(904) 255-5120 - Facsimile
lboeckman@coj.net; sstevison@coj.net
cfeiser@coj.net; bosburn@coj.net
kpapa@coj.net; jmurad@coj.net
jemillard@coj.net; kgay@coj.net

ANDERSONGLENN LLP

*/s/ Nicholas P. Whitney*
**Gregory A. Anderson, Esquire**
**Trial Counsel**
Florida Bar Number: 398853
gaanderson@asglaw.com
**Nicholas P. Whitney, Esquire**
Florida Bar Number: 119450
nwhitney@asglaw.com
10751 Deerwood Park Blvd., #105
Jacksonville, Florida 32256
Telephone: (904) 273-4734
Facsimile: (904) 273-4712
*Attorneys for Plaintiffs*

*/s/ Cord Byrd*
**Cord Byrd, Esquire**
Florida Bar No. 134406
cord@cordbyrdlaw.com
esther@cordbyrdlaw.com
1015 Atlantic Boulevard, #281
Atlantic Beach, FL 32233
Telephone: (904) 246-2404
*Co-Counsel for Plaintiffs*

7