**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KYLE HELM, et al.,

    Plaintiffs,

v.                                            Case No. 3:21-cv-900-TJC-LLL

DUVAL COUNTY SCHOOL
BOARD,

    Defendant.

## **O R D E R**

This case is again before the Court, this time in the context of a motion for class certification. Plaintiffs, a group of parents and children challenging Defendant Duval County School Board's (DCSB) mask policy, filed their Motion for Class Action Certification (Doc. 39), to which DCSB responded (Doc. 46), Plaintiffs replied (Doc. 51), and DCSB filed a sur-reply (Doc. 54). Plaintiffs' Second Amended Complaint alleges that DCSB's mask policy violated Plaintiffs' constitutional rights. (Doc. 44). DCSB answered. (Doc. 45).

Plaintiffs seek certification of the following class:

> [P]arents or legal guardians, who are residents of Duval County, Florida, with children between the ages of five (5) and eighteen (18), who attend or previously attended a Duval County Public School between August and December 2021, and were subject to the Emergency Rule adopted August 23, 2021 ("Mask Mandate"); but would have chosen to have their

>> children attend school unmasked without any pre-
>> conditions if given the option.

(Doc. 39 at 12).

All class actions must meet the prerequisites found in Federal Rule of Civil Procedure 23(a), which are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, and satisfy one of the three requirements in Rule 23(b). A district court must conduct a "rigorous analysis" to determine whether the requirements of Rule 23 have been met. Brown v. Electrolux Home Prod., Inc., 817 F.3d 1225, 1234 (11th Cir. 2016) (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350–51 (2011) (citation omitted)). The party seeking class certification bears the burden of proof and must affirmatively show compliance with Rule 23. Wal-Mart, 564 U.S. at 350.

Plaintiffs fail to meet their burden because a simple recital of the elements of a class action is not enough for class certification. See id. Under each 23(a) element, Plaintiffs state the law and then state that the element is met. (Doc. 59 at 12–14). For example, Plaintiffs only support for the numerosity requirement includes the following statement: "The claims belonging to the Class are so numerous that joinder of all individual members is impractical." Id. at 13. Plaintiffs attempt to correct their deficiencies in their reply. Plaintiffs state that they comprise thirty-nine individuals, and they provide affidavits of eleven additional families who state that they have been harmed by DCSB's

2

mask policy. (Docs. 51 at 1–2; 51-1). Plaintiffs assert that all eleven of these families would be in the purported class. (Doc. 51 at 2). Plaintiffs argue that numerosity is met because they have presented over forty potential class members. Id. at 1–2 (citing Muzuco v. Re$ubmitIt, LLC, 297 F.R.D. 504, 514–15 (S.D. Fla. 2013)). But Rule 23 does not include that bright-line rule. Rule 23 contemplates a more fact-specific and flexible approach. FED. R. CIV. P. 23(a)(1). Indeed, Plaintiffs' case, Muzuco, discusses that courts "may also consider factors such as the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits." Muzuco, 297 F.R.D. at 515 (quotation marks and citations omitted). Further, DCSB provides evidence that several Plaintiffs may not even qualify for the class because their children either did not attend a DCSB school or had a medical opt-out from the mask policy. (Docs. 46 at 8; 46-1 at ¶¶ 4–9; 54 at 2). Plaintiffs' deficiency in establishing the other Rule 23(a) elements follow a similar theme.

Plaintiffs also offer less than a paragraph of discussion on Rule 23(b)(3)'s predominance and superiority elements. See (Docs. 39 at 15; 51 at 3). Predominance is one of the most demanding elements in Rule 23. See Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1270 (11th Cir. 2009) ("Even if the court can identify common questions of law or fact, . . . [t]he predominance inquiry . . . is

3

far more demanding than Rule 23(a)'s commonality requirement.") (citations and quotation marks omitted). "[W]here . . . plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3) . . . ." Id. (quoting Klay v. Humana, Inc., 382 F.3d 1241, 1255 (11th Cir. 2004), abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008)). Plaintiffs fail to meet their burden to show that individual issues would not predominate over common issues. For example, each Plaintiffs' potential damages likely will vary given the wide range of alleged injuries. Compare (Doc. 39 at 2–3 (stating their child was harmed because the child "suffers from severe anxiety when forced to wear a mask")) and id. at 3 (explaining child academically regressed at school when wearing a mask) with id. at 5 (asserting the child "became physically ill on the playground and vomited while being compelled to wear her mask"). Additionally, Plaintiff parents' injuries inevitably will be different than Plaintiff children's injuries. Plaintiffs have not met their burden to show predominance, [1] Brown, 817 F.3d at 1240

---

[1] Plaintiffs cite two cases in support of their argument that individualized damages issues will not defeat class certification. (Doc. 51 at 2–3). These two cases are easily distinguishable. In Ault v. Walt Disney World Co., 692 F.3d 1212, 1218 (11th Cir. 2012), the Eleventh Circuit affirmed the district court's approval of a class action settlement, but only injunctive relief was sought. Plaintiffs cite Sliwa for the proposition that because the evidence will not

4

("[I]ndividual damages defeat predominance if computing them 'will be so complex, fact-specific, and difficult that the burden on the court system would be simply intolerable.'") (quoting Klay, 382 F.3d at 1260), or the other requirements of 23(b)(3).

In sum, Plaintiffs have not affirmatively demonstrated their compliance with all the Rule 23 requirements. See Wal-Mart, 564 U.S. at 350 ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate [] compliance with the Rule—that is, [the movant] must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.") (emphasis in original). Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Class Action Certification (Doc. 39) is **DENIED without prejudice**.

2. The parties shall confer and file a Case Management Report no later than **October 20, 2022**.

---

significantly change with more class members, certification is proper. (Doc. 51 at 3); Sliwa v. Bright House Networks, LLC, 333 F.R.D. 255, 279 (M.D. Fla. 2019) ("If, on the other hand, the addition of more plaintiffs leaves the quantum of evidence introduced by the plaintiffs as a whole relatively undisturbed, then common issues are likely to predominate.") (quoting Brown, 817 F.3d at 1235). But Plaintiffs fail to consider that more class members would require additional proof of injuries and damages and Plaintiffs offer no common or non-burdensome method of proving damages.

5

**DONE AND ORDERED** in Jacksonville, Florida the 3rd day of October, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record