UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KYLE HELM, et al.,

    Plaintiffs,

v.                                      Case No. 3:21-cv-900-TJC-LLL

DUVAL COUNTY SCHOOL
BOARD,

    Defendant.

## ORDER

This mask mandate class action case is before the Court on Duval County School Board's (DCSB) Motion for Judgment on the Pleadings. (Doc. 58). Plaintiffs responded in opposition (Doc. 60), DCSB replied (Doc. 61), and Plaintiffs opted not to file a sur-reply, see (Doc. 59).

**I. BACKGROUND**

This case is brought by a group of parents and students who were allegedly governed and harmed by DCSB's mask policy during the COVID-19 pandemic. See (Doc. 44). Plaintiffs argue that the mask policy violated their statutory and constitutional rights. See id. On September 2, 2021, Plaintiffs filed their complaint in state court challenging DCSB's mask policy. (Doc. 1 ¶ 1). The complaint, while largely based on state law, referenced the U.S. Constitution several times; therefore, DCSB removed the case on

September 8, 2021 based on federal question jurisdiction. Id. ¶¶ 3, 4. On September 20, 2021, DCSB filed a Motion to Dismiss (Doc. 13), and Plaintiffs filed a Motion for Preliminary Injunction (Doc. 14). After a status conference where the Court discussed subject matter jurisdiction with the parties (Doc. 30), Plaintiffs amended their complaint to drop their federal claims. (Doc. 31 at 57–71). The parties then filed briefs regarding mootness and Plaintiffs requested leave to amend their complaint again to bring claims under 42 U.S.C. § 1983 because, they stated, any claims for injunctive or declaratory relief under state law were moot. (Docs. 37, 38, 40, 43). On April 18, 2022, Plaintiffs filed the present Second Amended Complaint (SAC), which now includes four counts:

> Count I: Violation of 42 U.S.C. § 1983 – Right of Privacy
>
> Count II: Violation of 42 U.S.C. § 1983 – Violation of the Parents' Bill of Rights
>
> Count III: Violation of 42 U.S.C. § 1983 – Equal Protection
>
> Count IV: Violation of 42 U.S.C. § 1983 – Due Process

(Doc. 44 at 58–72). DCSB answered the SAC (Doc. 45) and filed its Motion for Judgment on the Pleadings (Doc. 58).

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

The Court will only grant a motion for judgment on the pleadings if "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (internal quotation marks omitted) (quoting Cannon v. City of W. Palm Beach,

2

250 F.3d 1299, 1301 (11th Cir. 2001)). The Court will "accept as true all material facts alleged" in the SAC and will "view those facts in the light most favorable to" Plaintiffs. Id. (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "In ruling on a motion for judgment on the pleadings, the Court applies a standard very similar, if not identical, to that when ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6)." Lloyd v. Baker, No. 3:13-CV-903-J-34PDB, 2015 WL 5474482, at *2 (M.D. Fla. Sept. 16, 2015) (citing Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002)). Further, the Court may properly consider DCSB's Motion for Judgment on the Pleadings because the pleadings are closed; both a complaint and an answer have been filed. See (Docs. 44, 45); FED. R. CIV. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."); Perez, 774 F.3d at 1337.

### A. State Claims

All four of Plaintiffs' claims are brought under § 1983 and Florida law. In Count I, Plaintiffs allege that Count I "is a civil rights action for money damages pursuant to Title 42 U.S.C. § 1983 for deprivation of Plaintiffs' constitutional rights of Privacy pursuant to Article I, Section 23, Fla. Const." (Doc. 44 ¶ 210). Plaintiffs quote Florida case law citing Article 1, § 23 of Florida's Constitution. Id. ¶¶ 212–13, 222. In Count II, Plaintiffs state that it is "brought pursuant to 42 U.S.C. § 1983" and allege that DCSB's mask policy was a "violation of the

3

Parents' Bill of Rights, pursuant to Fla. Stat. §1014.01 et seq." Id. ¶¶ 225–26.[1] In Count III, Plaintiffs allege "[t]he Mask Mandate violated the Equal Protection clause of the Florida Constitution and is void." Id. ¶ 261. Finally, in Count IV, Plaintiffs allege DCSB's mask policy "violated the Due Process Clause of Article 1, § 9 of the Florida Constitution because it deprived Plaintiffs and their children of life, liberty, or property without due process of law." Id. ¶ 267. In Counts III and IV, Plaintiffs cite exclusively Florida law (except §§ 1983 and 1988), including Article 1, § 2 (basic rights) and Article 1, § 23 (right of privacy) of the Florida Constitution. Id. ¶¶ 247–73. The fatal flaw with all these claims is that § 1983 is a vehicle to vindicate <u>federal</u> rights, not state rights.

"Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." <u>Knight v. Jacobson</u>, 300 F.3d 1272, 1276 (11th Cir. 2002) (citing <u>Paul v. Davis</u>, 424 U.S. 693, 698–99 (1976)); <u>see also</u> <u>Leake v. Drinkard</u>, 14 F.4th 1242, 1247 (11th Cir. 2021) ("For the [plaintiffs] to prevail in this civil-rights action, 42 U.S.C. § 1983, they must show that they were 'deprived of a federal right by a person acting under color of state law.'") (quoting <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001)). Simply put, "claims brought under § 1983 may only seek relief for violations of federal constitutional or statutory rights—

---

[1] In their response, Plaintiffs concede that Count II is not a cognizable cause of action. <u>See</u> (Doc. 60 at 15).

4

not violations of state rights." Sewell v. Marion Cnty. Sheriff, No. 5:07-cv-102-OC-10GRJ, 2008 WL 2025368, at *2 (M.D. Fla. May 9, 2008 (citation omitted); see Gilmore v. Milton, No. 6:18-CV-115, 2020 WL 7249627, at *5 (S.D. Ga. Dec. 9, 2020) (citations omitted). In the SAC, Plaintiffs attempt to use § 1983 as a vehicle to seek relief for violations of the Florida Constitution and a Florida statute. Therefore, Plaintiffs' state claims are not cognizable under § 1983 and are due to be dismissed.

### B. Possible U.S. Constitutional Claims

In Counts III and IV, Plaintiffs allege a deprivation of their rights under the Florida Constitution. See (Doc. 44 ¶¶ 249–50, 260–61, 265–67). However, Plaintiffs request in the "wherefore" clauses in Counts III and IV "that the Court declare that the Defendant's Emergency Rule compelling students to wear face coverings was an unconstitutional violation of [the Equal Protection Clause and their due process rights] under the Florida and U.S. Constitutions . . . ." Id. at 70, 72. DCSB argues that Plaintiffs have only alleged state claims; however, DCSB alternatively argues that Plaintiffs have failed to state a claim under the U.S. Constitution. (Docs. 58, 61). Plaintiffs argue that the Court should infer that Counts I, III, and IV are all brought under the U.S. and Florida Constitutions and that Plaintiffs have stated a claim under the U.S. Constitution. (Doc. 60).

Plaintiffs have not sufficiently alleged claims under the U.S. Constitution. Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015), and must contain "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).[2] While Rule 8(e) requires the Court to construe Plaintiffs' pleading "so as to do justice," Rule 8 does not require it "to fabricate a claim that a plaintiff has not spelled out in the complaint." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1286 (4th ed. 2023).

Plaintiffs' SAC fails to put DCSB on notice that Plaintiffs have alleged federal constitutional claims against DCSB. Every count is replete with citations and arguments pertaining only to Florida law. In fact, Plaintiffs cite Florida law—with the exception of § 1983 and other procedural statutes and rules—exclusively in the SAC. See (Doc. 44). The SAC contains no numbered paragraph that indicates that Plaintiffs' counts also include federal

---

[2] In their response, Plaintiffs quote the outdated "no set of facts" standard that the Supreme Court retired in Twombly. See (Doc. 60 at 5); Twombly, 550 U.S. at 563 (2007).

constitutional claims.³ In Count I, Plaintiffs allege a violation of Florida's right to privacy, a right that is not replicated in the U.S. Constitution and is analyzed under a standard uniquely developed under Florida law. Cf. State v. J.P., 907 So. 2d 1101, 1115 (Fla. 2004) ("Because the right to privacy is explicit in the Florida Constitution, it has been interpreted as giving Florida citizens more protection than the federal right.") (citation omitted); see also (Doc. 44 ¶ 166). Counts III and IV involve rights that are analyzed similarly under both the Florida and U.S. Constitutions; however, claims under the Florida and U.S. Constitutions are distinct causes of action.

Plaintiffs cite several cases to support their argument that the Court should infer a U.S. constitutional claim in the SAC, but each is distinguishable. See (Doc. 60 at 6). In Ray v. Comm'r, Alabama Dep't of Corr., the Eleventh Circuit held that even though the plaintiff's pleadings did not advance a certain legal theory under their Establishment Clause claim, the argument was permitted because the parties and the court clearly understood the plaintiff's allegations. 915 F.3d 689, 697 n.3 (11th Cir. 2019). The plaintiff cited and quoted cases that included the framework and legal theory he advanced. Id. The

---

³ Even assuming arguendo, the Court held that Counts I, III, and IV contain federal constitutional claims, the SAC would then be a type-three shotgun pleading because it would "commit[] the sin of not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1322–23.

Eleventh Circuit also held that "the federal notice pleading standard only requires allegations as to every material point necessary to sustain a claim on any legal theory, even if it is not the precise theory advanced by the plaintiff." Id. (citing St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986)). Plaintiffs also cite Lyes v. City of Riviera Beach, Fla., which held that a plaintiff could advance an equal protection theory under the plaintiff's Fourteenth Amendment claim, even though the plaintiff did not specify whether she was traveling under a due process or equal protection theory. 126 F.3d 1380, 1388–89 (11th Cir. 1997), reh'g en banc granted, opinion vacated, 136 F.3d 1295 (11th Cir. 1998), and on reh'g en banc reinstating in relevant part, 166 F.3d 1332, 1336 (11th Cir. 1999). However, in Lyes, the Eleventh Circuit concluded "that the complaint was factually detailed enough to give [the defendants] a strong indication that equal protection was at issue, even if the legal theory was inarticulately expressed." Id. at 1389.[4]

In both Ray and Lyes it was clear to all involved parties the theory the plaintiffs intended to pursue, even if the arguments were incorrectly labeled. Conversely, here, Plaintiffs have not cited the U.S. Constitution nor any federal case, and it is not clear to DCSB or the Court that Plaintiffs are pursuing claims

---

[4] Plaintiffs also cite Bowman v. Birmingham, 777 F. App'x 416, 417, 420–21 (11th Cir. 2019), but Bowman involved a pro se plaintiff and pro se pleadings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Plaintiffs are represented.

under the U.S. Constitution. Unlike Plaintiffs' cited cases, the issue here is not whether Plaintiffs' arguments were accurately labeled or what legal theories Plaintiffs advanced under any given claim, it is the <u>actual claims</u> Plaintiffs intend to bring. Plaintiffs are not asking the Court to accept an alternate legal theory; Plaintiffs are asking the Court to infer claims into a pleading that do not exist.

Passing references to the U.S. Constitution do not constitute claims under the U.S. Constitution; particularly when every other indicator leads to the conclusion that the claims are brought under state law. Notably, these passing references were not included in the counts or in any numbered paragraph; they are in the wherefore clauses. <u>See</u> (Doc. 44 at 70, 72). DCSB could not have been on notice that Plaintiffs were bringing federal constitutional claims against DCSB.

Plaintiffs have acknowledged that their state law claims against the long discarded mask mandate are moot. Their effort to utilize § 1983 to resurrect their moot state law claims fails. And they have not come close to alleging a viable § 1983 claim based on the U.S. Constitution. Accordingly, it is hereby

**ORDERED:**

1. Defendant Duval County School Board's Motion for Judgment on the Pleadings (Doc. 58) is **GRANTED**.

2. The Clerk is directed to enter **JUDGMENT** in favor of Defendant Duval County School Board and against Plaintiffs.

3. The Clerk shall terminate any pending motions or deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 18th day of July, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record